IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**STEPHEN MUNN**                                                                     **PLAINTIFF**

**v.**                                                       **CAUSE NO. 1:14CV428-LG-RHW**

**CITY OF OCEAN SPRINGS, MISSISSIPPI,**
**et al.**                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the [4] Motion for Summary Judgment Based on *Res Judicata* and Failure to Comply with The Mississippi Tort Claims Act filed by Defendants City of Ocean Springs, Mississippi ("the City"), Lionel Cothern ("Cothern"), Mark Dunston ("Dunston"), and Jonathan Grimes ("Grimes") in their official capacities (collectively, "Defendants"). Having reviewed the submissions of the parties and the relevant law, the Court is of the opinion that the Motion should be granted in part and denied in part.

Plaintiff Stephen Munn's federal constitutional claims brought pursuant to 42 U.S.C. § 1983 against the City, Cothern, Dunston, and Grimes in their official capacities are barred by the doctrine of *res judicata* to the extent those claims are based on allegations pertaining to a November 2011 citation for violation of the City's Noise Ordinance. Plaintiff could have litigated those allegations in his 2012 action before this Court. Furthermore, Plaintiff concedes that he is not making any state law claims pursuant to the Mississippi Tort Claims Act, and his assault and battery and negligence claims are not cognizable under § 1983. Plaintiff's claims

against the individual Defendants in their individual capacities, and his federal constitutional claims based on alleged unconstitutional enforcement of the City's Noise Ordinance against him in December 2013, will proceed at this juncture.

## BACKGROUND

Plaintiff Stephen Munn instituted this action against the City, Cothern, Dunston, Grimes, and multiple Doe Defendants on November 11, 2014. Munn claims that Defendants violated various rights under the United States Constitution and seeks to hold them liable pursuant to 42 U.S.C. § 1983. His Complaint also includes counts for assault and battery and negligence, as well as for declaratory and injunctive relief. Munn alleges that "the unlawful actions of the Defendants . . . occurred on November 27, 2011 through December 5, 2013" and were all related "to the operation of his business and playing music for customers." (Compl. 2 (¶3), ECF No. 1).

Munn owns The Purple Pelican, a bar and nightclub featuring musical entertainment located in the City. In 2012, Munn sued the City, claiming, *inter alia*, that the City's Noise Ordinance was unconstitutional. The City removed the action to this Court, that ultimately granted summary judgment in favor of the City on Munn's claims. (*See generally* Cause No. 1:12cv97-LG-JMR). The Fifth Circuit Court of Appeals later affirmed that judgment, *Munn v. City of Ocean Springs*, 763 F.3d 437 (2014), and subsequently denied Munn's Petition for Rehearing.

Munn filed this lawsuit on November 21, 2014. Munn acknowledges that the Fifth Circuit found the Noise Ordinance to be constitutional, but claims that "it has

been unconstitutionally applied to him and others in its enforcement . . . ." (Compl. 5 (¶18), ECF No. 1).  He discusses two specific instances of alleged unconstitutional enforcement in his Complaint.[1]  First, Munn claims that he was cited for violation of the Noise Ordinance in November 2011, although the charges were later dropped.  Second, Munn claims that in December 2013, "Defendant 10, believed to be Justin Cummings," along with one of the Doe Defendants and Grimes, "came to the Pelican allegedly to investigate [an] anonymous noise complaint." (*Id.* at 10 (¶41)).  Munn states that Cummings "proceeded to demand Munn turn down the music and repeatedly placed his hands on Munn in an intimidating and offensive manner . . . ." (*Id.* (¶42)).  According to the Complaint:

> . . . Grimes made a snide remark and told Munn, 'I think you know that I know a lot about the Constitution[.]' . . . Munn[, who was] armed with [a] decibel meter[,] refused to turn down the music despite the officer's [*sic*] threats and intimidation.  They eventually left without writing a ticket, but they were sure to make their presence known to the patrons . . . .

(*Id.* at 11 (¶44)).

Munn claims that the issuance of a citation to him in November 2011 violated his "constitutional rights to Due Process and Equal Protection under the Fourteenth Amendment to the United States Constitution" and that "[i]t further violated his right of free speech under the First Amendment to the United States

---

[1] Munn also discusses an October 2011 incident, but does not state any claims based on that incident.  As alleged by Munn, the actions he is challenging occurred between November 2011 and December 2013.  Regardless, any § 1983 claim based on the October 2011 incident would be time-barred.  *See, e.g.*, *Cuvillier v. Taylor*, 503 F.3d 397, 401-02 (5th Cir. 2007).

Constitution." (*Id.* at 6-7 (¶25)); (*see also id.* at 12 (¶47)). He alleges that he "justifiably protested Grimes['] actions that evening [and that] Grimes wrote a ticket, in whole or in part, because Munn objected to Grimes['] actions resulting in an arrest that was abusive and violated the protections afforded Munn by the First and Fourteenth Amendments . . . ." (*Id.* at 7 (¶28)). Munn makes similar allegations of violations of his First and Fourteenth Amendment rights related to the December 2013 incident, although he does not claim that that incident resulted in a citation. He also claims that the actions of Defendants in both instances violated his right to substantive due process and constituted an unlawful search and seizure under the Fourth Amendment.

Defendants contend that Munn's federal claims against the City and Cothern, Dunston, and Grimes in their official capacities are barred by the doctrine of *res judicata*. They argue that Munn is trying to take a "second bite at the apple" by filing this action, "wherein he has alleged 'new' constitutional violations under the exact same set of facts as his previous 2012 filings, with the exception of naming officers individually, throwing in a state law claim and putting in a 2013 noise ordinance incident which has resulted in the same 2012 complaints." (Defs.' Mot. 4 (¶8), ECF No. 4). Defendants also argue that Munn's claims for assault, battery, and negligence should be dismissed due to Munn's failure to comply with the Mississippi Tort Claims Act.

## DISCUSSION

A motion for summary judgment shall be granted "if the movant shows that

4

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-movant. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005).  The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  If the movant carries this burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25.

I. **Application of *Res Judicata* to Plaintiff's Federal Claims**

Defendants argue that Munn's constitutional claims "could have, and should have, all been raised in the 2012 Complaint and the new incident is nothing more than a repeat of the same complaints as those previously raised and ruled on by this Court and the Fifth Circuit." (Defs.' Mot. 6 (¶29), ECF No. 4).  Since Munn's prior civil action and this one are both based on federal question jurisdiction, the issue of whether Munn's claims are barred by the doctrine of *res judicata* is governed by federal law. *See Aerojet Gen. Corp. v. Askew*, 511 F.2d 710, 715 (5th Cir. 1975).

"Under federal law, a prior suit which concluded with a final judgment on the merits rendered by a court of competent jurisdiction acts as an absolute bar to a subsequent action between the same parties based on the same action." *Commercial Box & Lumber Co. v. Uniroyal, Inc.*, 623 F.2d 371, 373 (5th Cir. 1980). Additionally, "a judgment in a prior suit bars a subsequent cause of action between

5

the same parties not only as to all matters litigated in the first suit but also as to all issues that could have been litigated regarding the same cause of action." *Id.*; *Walgreen Co. v. La. Dep't of Health & Hosps.*, 220 F. App'x 309, 311 (5th Cir. 2007) (citing *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)).

For the doctrine of *res judicata* "to apply, the following four requirements must be met. First, the parties in the instant action must be the same as or in privity with the parties in the prior action in question." *Gulf Island-IV, Inc. v. Blue Streak Gulf Is Ops*, 24 F.3d 743, 746 (5th Cir. 1994). "Second, the court that rendered the prior judgment must have been a court of competent jurisdiction. Third, the prior action must have been terminated with a final judgment on the merits. Fourth, the same claim or cause of action must be involved in both suits." *Id.* (internal citations omitted). Defendants bear the burden to show that the doctrine should be applied to Munn's federal claims. *See Matter of Braniff Airways, Inc.*, 783 F.2d 1283, 1289 (5th Cir. 1986).

There is no genuine issue of material fact that the prior judgment was rendered by a court of competent jurisdiction and constituted a final judgment on the merits. Furthermore, Munn cannot dispute that he and the City were plaintiff and defendant in each action. To the extent Cothern, Dunston, and Grimes are sued in their official capacities, they are in privity with the City.[2] *See, e.g., Amir-*

---

[2] There is no privity between the City and the officers in their individual capacities. *See Warnock v. Pecos Cnty.*, 116 F.3d 776, 778 (5th Cir. 1997); *Thomas v. Houston Org. of Emps.*, No. H-14-0485, 2014 WL 4629235, at *5 (S.D. Tex. Sept. 15, 2014).

*Sharif v. Univ. of Tex. Med. Branch*, No. 3:07-cv-0176-G, 2007 WL 1266349, at *3 (N.D. Tex. Apr. 30, 2007). Therefore, the Court must decide whether the same claim or cause of action is involved in both suits.

"Federal courts use a transactional test to determine whether two claims involve the same cause of action, under which the critical question is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts." *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 709 (5th Cir. 2005) (citation and quotation marks omitted). "If the factual scenario of the two actions parallel, the same cause of action is involved in both." *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994).

Munn's 2012 action involved a facial challenge to the City's Noise Ordinance. In addition, Munn has acknowledged on numerous occasions that he was also making an as-applied claim in that action. (*See, e.g.*, Pet. for Rehearing, ECF No. 5-15; Order on Pet. for Rehearing, ECF No. 5-16); (*see also* Order 10-12, Cause No. 1:12cv97-LG-JMR, ECF No. 61) (discussing Munn's as-applied challenge premised on the November 2011 incident). Despite this, Munn now argues that

> [t]here is not identity of the cause of action since the original suit was to declare the ordinance unconstitutional and to enjoin its enforcement to do so. This action is for a Section 1983 constitutional rights violation in the way the ordinance was enforced against Munn by the city police and to enjoin the unconstitutional enforcement in violation of Section 1983.

(Pl's. Mem. 2, ECF No. 9); (*see also id.* at 3) ("The first suit was to declare the ordinance unconstitutional on its face for vagueness and the second is based upon

7

the Section 1983 violation of Munn [*sic*] civil rights in enforcing a constitutional ordinance in an unconstitutional way.").

Court is not persuaded by this argument as it relates to Munn's allegations of unconstitutional enforcement of the ordinance against him that could have been brought as part of his 2012 action. The prior action record does not support his contention. Moreover, even if Munn had not brought an as-applied claim in that action, his federal constitutional claims based on the November 2011 incident against the City and the individual Defendants in their official capacities in this action are barred by the doctrine of *res judicata*, as each action is based on the same nucleus of operative facts. *See Vines*, 398 F.3d at 709; *see also Walgreen*, 220 F. App'x at 311-12.

Munn's contention that he is stating different claims and raising different theories in this action is to no avail. "The substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform this inquiry." *Agrilectric Power*, 20 F.3d at 665. Munn's claims related to unconstitutional enforcement of the Noise Ordinance against the City and the individual Defendants in their official capacities could have been raised in the 2012 litigation, and, thus, are barred by *res judicata*. *See Walgreen*, 220 F. App'x at 312 n.1; *see also Shults v. State of Tex.*, 762 F.2d 449, 453 (5th Cir. 1985).

It makes no difference that the Fifth Circuit stated that it was only adjudicating the constitutionality of the ordinance itself, not the enforcement thereof. It was Munn's burden to raise and preserve any as-applied challenge based

8

on the facts before the Court in the 2012 action. That he failed to do so does not entitle him to litigate those claims now. The Fifth Circuit has "frequently stated that a 'judgment . . . upon the merits in the first case is an absolute bar to the subsequent action . . . , not only in respect of every matter which was actually offered and received to sustain the demand, *but also as to every ground of recovery which might have been presented.*'" *See Shults*, 762 F.2d at 453 (citation omitted) (emphasis added).

The 2013 incident is a closer call. In general, a subsequent as-applied challenge is barred by a prior facial challenge to the same ordinance. *See Walgreen*, 220 F. App'x at 312; *Monahan v. N.Y. City Dep't of Corrs.*, 214 F.3d 275, 289-90 (2d Cir. 2000). However, in the previous action, the Fifth Circuit explicitly stated that "the objective standard established in the ordinance will only protect the constitutional rights of Ocean Springs's citizens if it is enforced in an objective manner." *See Munn*, 763 F.3d at 442. The Fifth Circuit further elaborated that "[t]he assurance of such constitutional rights will require an effort by the City to ensure that its officers are familiar with the reasonable person standard for purposes of enforcement. And if the statute is enforced in a purely subjective manner, the City is exposing itself to a potentially different outcome." *See id.* at 442-43 (citing *Reeves v. McConn*, 631 F.2d 377, 386 (5th Cir. 1980)).

The Court is of the opinion that Defendants have not met their burden of showing that the doctrine of *res judicata* applies to Munn's constitutional claims related to the enforcement of the Noise Ordinance against him in December 2013.

9

For example, to the extent Munn's Fourth Amendment claim is based on his allegations of "probing," those facts were not part of the previous action, and, thus, any claim based on those allegations is not barred by the doctrine of *res judicata*. The Court expresses no opinion as to the merits of Munn's constitutional claims related to the December 2013 incident, or even whether Munn's allegations related to that incident can serve as the basis of a constitutional claim.

## II. Application of the Mississippi Tort Claims Act to Plaintiff's Claims

Munn's Complaint includes claims, *inter alia*, for violations of the Fourth and Fourteenth Amendments (Count One), assault and battery (Count Two), and negligence (Count Three). Defendants argue that Counts Two and Three are barred by the MTCA because Munn failed to comply with the mandatory notice requirement. Munn responds that he is not making state law claims under the MTCA, but only making a claim of violation of his constitutional rights pursuant to § 1983. (*See* Pl's. Mem. 7, ECF No. 9); (*see also* Pl's. Resp. 3, ECF No. 8).

Munn's claims in Counts Two and Three for assault, battery, and negligence are not cognizable under § 1983. *See, e.g.*, *Coughhorn v. Jackson Cnty.*, No. 1:05cv294, 2006 WL 3197855, at *2 (S.D. Miss. Nov. 2, 2006) ("Section 1983 is not a federally created tort statute."); *see also, e.g.*, *Todd v. Burns*, 95 F. App'x 83, 83 (5th Cir. 2004) ("negligence claims are not cognizable" under § 1983) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848-49 (1998)); *Hardin v. Bemis*, 920 F.2d 932, *1 (6th Cir. 1990) ("[Plaintiff]'s assault and battery allegation is a common law tort which is not in itself cognizable under § 1983."); *Brown v. Hillsborough Cnty.*

*Sheriff's Office*, No. 808-cv-88-T-33TGW, 2009 WL 413576, at *3-4 (M.D. Fla. Feb. 18, 2009) (assault and battery not cognizable under § 1983). Because Munn states that he is only making a constitutional claim pursuant to § 1983 – which is encompassed in Count One – the Court will dismiss Counts Two and Three. The Court finds Munn's request for fees, costs, and/or sanctions related to this issue unwarranted.[3]

CONCLUSION

For all the reasons discussed herein, the Court is of the opinion that the Motion for Summary Judgment should be granted in part and denied in part.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [4] Motion for Summary Judgment Based on *Res Judicata* and Failure to Comply with The Mississippi Tort Claims Act filed by Defendants is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff's federal constitutional claims brought pursuant to 42 U.S.C. § 1983 against the City of Ocean Springs, Mississippi, and Lionel Cothern, Mark Dunston, and Jonathan Grimes in their official capacities, and that are related to an alleged incident that occurred in November 2011, are **DISMISSED WITH PREJUDICE**. Plaintiff's Counts Two and Three for assault and battery and for negligence are also **DISMISSED WITH PREJUDICE**. The only remaining claims are Plaintiff's § 1983 claims against the individual Defendants in their individual capacities and

---

[3] To the extent Defendants are requesting fees, costs, and sanctions in footnote 2 of their Reply (ECF No. 22), that request is also denied.

Plaintiff's § 1983 claims against Defendants related to Plaintiff's allegations of an incident that occurred in December 2013.

**SO ORDERED AND ADJUDGED** this the 27th day of March, 2015.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE