# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

STEPHEN MUNN                                                                PLAINTIFF

v.                                                          CAUSE NO. 1:14CV428-LG-RHW

CITY OF OCEAN SPRINGS, MISSISSIPPI,
et al.                                                                    DEFENDANTS

## ORDER DENYING MOTION FOR RECONSIDERATION

BEFORE THE COURT is the [30] Motion for Reconsideration of the Court's Order Granting Partial Summary Judgment filed by Plaintiff Stephen Munn pursuant to Federal Rule of Civil Procedure 59. For the reasons discussed herein, the Court is of the opinion that the Motion should be denied. The Court is also of the opinion that Munn's request for certification of its previous Order pursuant to Federal Rule of Civil 54(b) should be denied.

A complete discussion of the facts of this case is included in the Court's [24] Memorandum Opinion and Order entered on March 27, 2015, and is incorporated herein by reference. In that Order, the Court granted partial summary judgment in favor of Defendants City of Ocean Springs, Mississippi, Lionel Cothern, Mark Dunston, and Jonathan Grimes in their official capacities with respect to Munn's federal constitutional claims brought pursuant to 42 U.S.C. § 1983 that were based on allegations pertaining to a November 2011 citation for violation of the City's Noise Ordinance. Specifically, the Court found summary judgment proper on *res judicata* grounds because Munn could have litigated those allegations in his 2012 action before this Court. The Court denied summary judgment with respect to

Munn's claims against the individual Defendants in their individual capacities and with respect to his federal constitutional claims based on alleged unconstitutional enforcement of the City's Noise Ordinance against him in December 2013.[1]

Munn's Motion requests that the Court reconsider its Order to the extent it granted summary judgment on the basis of *res judicata*. Alternatively, Munn requests that the Court certify that Order as a final appealable judgment pursuant to Rule 54(b).

## **THE LEGAL STANDARD**

A motion made pursuant to Rule 59 "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation and quotation marks omitted). The Fifth Circuit has repeatedly "held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *See id*. at 478-79. Munn must establish (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice.[2] *See In re Benjamin Moore & Co.*,

---

[1] Munn now asks the Court "to reverse its ruling that seemingly dismissed the claims against the Defendants and the City in their official capacities as to the December 2013 claims . . . ." (*See* Pl's. Mem. 9, ECF No. 31). However, the Court clearly denied summary judgment on those claims, and those claims will proceed.

[2] "[A]ny order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims . . . ." Fed. R. Civ. P. 54(b). Munn cites Rule 59 in his Motion, which generally governs reconsideration of a final judgment. In any event, regardless of the standard used, the Court finds reconsideration to be unfounded.

2

318 F.3d 626, 629 (5th Cir. 2002). Munn's Motion is brought pursuant to the third prong only.

Furthermore, Rule 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Whether to certify an order as final under Rule 54(b) is discretionary with the district court and is reviewed for abuse of discretion only. *See PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). "One of the primary policies behind requiring a justification for a Rule 54(b) certification is to avoid piecemeal appeals." *Id.* Accordingly, "a district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *See id.*

## DISCUSSION

Munn's sole argument is that the Court erred in applying *res judicata* to his claim related to the November 2011 incident because he did not raise that claim in his 2012 action before this Court. He contends that "the doctrine of *res judicata* does not apply to his separate and distinct §1983 [*sic*] action as to the enforcement of the ordinance and does not challenge the constitutionality of the ordinance nor does it challenge its vagueness." (Pl's. Mem. 6, ECF No. 31). This argument is nothing more than mere rehashing of an argument previously made and rejected by this Court. *See Templet*, 367 F.3d at 478-79.

Even so, Munn's argument is based on a fundamental misunderstanding of the law governing *res judicata*. Fifth Circuit precedent is clear that "[t]he substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform [the *res judicata*] inquiry." *See Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994). Instead, "courts use a transactional test to determine whether two claims involve the same cause of action [for purposes of *res judicata*], under which the critical question is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts." *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 709 (5th Cir. 2005) (citation and quotation marks omitted); *N.Y. Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000). "If the factual scenario of the two actions parallel, the same cause of action is involved in both." *Agrilectric Power*, 20 F.3d at 665.

As discussed in the Court's previous Order, that standard has certainly been met here. Munn's claims related to unconstitutional enforcement of the Noise Ordinance in November 2011 against the City and the individual Defendants in their official capacities **could have been raised** in the 2012 litigation – whether or not Munn actually raised them – and, thus, are clearly barred by *res judicata*. *See Commercial Box & Lumber Co. v. Uniroyal, Inc.*, 623 F.2d 371, 373 (5th Cir. 1980) ("The federal law of res judicata . . . establishes that a judgment in a prior suit bars a subsequent cause of action between the same parties not only as to all matters litigated in the first suit but also as to all issues that could have been litigated

4

regarding the same cause of action."); *see also, e.g.*, *Walgreen Co. v. La. Dep't of Health & Hosps.*, 220 F. App'x 309, 311-312 (5th Cir. 2007).

Munn further contends that "[t]here was never a final judgment on the merits of the enforcement of the ordinance as to Munn . . . ." (*See* Pl's. Mem. 6, ECF No. 31). This argument also lacks merit. All that is required is that the previous action was terminated with a final judgment on the merits, *see Gulf Island-IV, Inc. v. Blue Streak Gulf Is Ops*, 24 F.3d 743, 746 (5th Cir. 1994), and there is no dispute that the 2012 action did just that. Again, it does not matter that enforcement was not an issue, as Munn could have raised any alleged unconstitutional enforcement in the previous action, but did not do so. *See, e.g.*, *Shults v. State of Tex.*, 762 F.2d 449, 453 (5th Cir. 1985) (the Fifth Circuit has "frequently stated that a 'judgment . . . upon the merits in the first case is an absolute bar to the subsequent action . . . , not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented'") (citation omitted).

Finally, Munn offers no argument or authority as to why this Court should certify its previous Order as final and appealable under Rule 54(b). Moreover, the Court is of the opinion that there is no danger of hardship or injustice warranting an immediate appeal. *See PYCA Indus.,* 81 F.3d at 1421.

## CONCLUSION

The Court finds that there is no need to correct a clear error of law, prevent manifest injustice, or any other reason that would justify reconsideration of the

Court's previous Order. Therefore, the Court is of the opinion that the Motion for Reconsideration should be denied. The Court is further of the opinion that a Rule 54(b) certification is unwarranted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [30] Motion for Reconsideration of the Court's Order Granting Partial Summary Judgment filed by Plaintiff Stephen Munn is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's request for certification pursuant to Rule 54(b) is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 27th day of April, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE