IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

STEPHEN MUNN                                                                                          PLAINTIFF

VERSUS                                                               CIVIL ACTION NO: 1:14cv428LG-RHW

CITY OF OCEAN SPRINGS, MISSISSIPPI, ET AL.                                           DEFENDANTS

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

COME NOW, City of Ocean Springs, Mississippi ("the City"), Lionel Cothern, Mark Dunston, Jonathan Grimes and Phillip Pearson ("Defendants"), by and through their counsel of record, Dogan & Wilkinson, PLLC, and file this Memorandum in Support of Motion to Dismiss or for more definite statement, pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support of same, state as follows:

## FACTS

Plaintiff Stephen Munn filed his Amended Complaint on June 25, 2015, in which he states the following with regard to an incident on December 5, 2013:

1. He brings this action resulting in damages from the unlawful actions of the Defendants that **occurred through December 5, 2013** relating to the operation of his business and playing music for his customers.

2. On or about **December 5, 2013**, Defendant Pearson, accompanied by Defendant Grimes and another unknown officer. . .came to Pelican allegedly to investigate another anonymous noise complaint. . . .[And on this date] Defendant Pearson proceeded to demand Munn to turn down the music and repeatedly placed his hands on Munn in an intimidating and offensive manner. . . .[Plaintiff further states] **Officer Grimes was there that evening** during which Grimes made a snide remark and told Munn, 'I think you know that I know a lot about the Constitution.' [Last, Plaintiff notes] [t]hey left without writing a ticket and Munn did not turn the music down.

*See* Amended Complaint (Docket #40)

1

On December 5th, 2013 Officer Philip Pearson worked his shift from Noon to 7:30 p.m. which included firearms training. He did not visit the Purple Pelican establishment on that shift. He did not visit the Purple Pelican establishment with Detective Grimes on December 5th, 2013 or at any other time. *See* affidavit of Officer Philip Pearson, Exhibit 2. Further, Detective Grimes worked the daytime detective shift on December 5th, 2013. His shift began at 7:23 a.m. and ended at 7:00 p.m. Detective Grimes was not on duty the night of the December 5th, 2013. *See* affidavit of Police Chief Mark Dunston, Exhibit 3.

In addition to the above, this Complaint was filed by Stephen Munn. Purple Pelican was a corporation, and is the legal entity alleged to have suffered monetary damage. If there is any constitutional violation with regard to the City's enforcement of its noise ordinance, which the City denies, then said violation would be to the detriment of Purple Pelican and not Plaintiff Stephen Munn. As such, Purple Pelican is a necessary party to this lawsuit. Plaintiff Munn was not licensed to do business in Ocean Springs in 2013. In fact, the Purple Pelican's privilege license to do business in the City of Ocean Springs expired on September 30, 2013. Therefore, the Purple Pelican was unlawfully conducting business within the City on December 5, 2013, as alleged in the Complaint. Pursuant to records on file with the Mississippi Secretary of State, Purple Pelican voted to dissolve on December 17, 2013, with an effective date of December 22, 2013. The date and time of the allegation is material in formulating the defenses available to the defendants.

## **LEGAL ARGUMENT**

In order to survive a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Federal Rule of Civil Procedure 9(f) does not require one to plead time and place with specificity, but if a party asserts that his claim or counterclaim arose at a certain time or place, he must do so accurately because these allegations may be used by the other party on a motion to dismiss for failure to state a claim under Rule 12(b)(6) or on a motion for a judgment on the pleadings under Rule 12(c) or a motion to strike under Rule 12(f) if the other party believes the complaint or the answer shows that the action or defense cannot be maintained. 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1308 (3d ed. 2004).

In the instant case, Plaintiff has alleged that the incident made the basis of this lawsuit occurred on December 5, 2013. The City's call log reflects that no complaint calls were placed to the City regarding the Purple Pelican on December 5, 2013. *See* Exhibit 1. Officer Pearson's affidavit states that he did not respond to a call at the Purple Pelican on December 5, 2013, and that he and Grimes have never responded to a call at the Purple Pelican together, as alleged by Plaintiff. *See* Exhibit 2. Officer Pearson was on duty from Noon until 7:30 p.m. participating in firearms training. Further Detective Grimes was off duty by 7:00 p.m. on December 5th, 2013. Based on Plaintiff's failure to provide any evidence of responding to a call at the Purple Pelican on December 5, 2013, this case should be dismissed.

In addition to the violation of Rule 9(f), Plaintiff has no standing to file this suit as the alleged harm was to the Purple Pelican, not Stephen Munn. The Mississippi Supreme Court stated in *Bruno v. Southeastern Services, Inc.,* 385 So. 2d 620, 621 (Miss. 1980),

> [o]ur research reveals no Mississippi cases dealing with the right of a stockholder to bring suit in an individual capacity to redress a wrong done to a corporation. In other jurisdictions the rule is well established that a stockholder of a corporation has no personal or individual right of action against third persons for a wrongful injury to a corporation although the injury may result in the destruction or depreciation of the value of corporate stock.

In fact, the Fifth Circuit looked at the same issue regarding standing of a shareholder to sue on behalf of the corporation and stated

> [w]e adopt the rule in Mississippi that an action to redress injuries to a corporation, whether arising in contract or in tort cannot be maintained by a stockholder in his own name, but must be brought by the corporation because the action belongs to the corporation and not the individual stockholders whose rights are merely derivative. The rule applies even though the complaining stockholder owns all or substantially all of the stock of the corporation.

*Schaffer v. Universal Rundle Corp.*, 397 F.2d 893 (5th Cir. 1968).

## **Actions of the Officers**

The allegations made by the plaintiff fail to withstand qualified immunity scrutiny. Qualified immunity protects government officials from liability for civil damages to the extent that their conduct is objectively reasonable in light of clearly established law. *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 422 (5th Cir. 2013) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). To determine whether an official is entitled to qualified immunity, the court asks (1) whether the plaintiff has alleged a violation of a clearly established constitutional or statutory right, and (2) whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident. *Charles v. Grief*, 522 F.3d 508, 511 (5th Cir. 2008). "A right is clearly established only if its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). "When there is no controlling authority specifically prohibiting a defendant's conduct, the law is not clearly established for the purposes of defeating qualified immunity." Id. at 503. Once a defendant invokes qualified immunity, the plaintiff has the burden to demonstrate the inapplicability of the defense. *Crostley*, 717 F.3d at 422 (quoting *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)).

If reasonable officers could disagree over the lawfulness of the conduct, then a defendant is entitled to qualified immunity. *Id*. The officer's conduct is viewed in light of the clearly established law at that time. *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998).

### **Actions of Detective Grimes**

Grimes is accused of making a "snide remark" on December 5th, 2013. Plaintiff fails to state a constitutional claim against Grimes. There are no facts that could give rise to a breach of Munn's constitutional rights by the alleged snide remark. It fails to survive qualified immunity analysis. If there can possibly be any breach, it is entirely *de minimis*.

Under the facts presented; Defendants are unaware of controlling authority establishing that "snide remarks" on the subject of constitutional acumen are held clearly unlawful.

### **Actions of Officer Pearson**

Plaintiff claims Pearson committed a battery upon Munn by touching him on December 5, 2013. There is no description of the touching only the conclusory opinion that it was in an "intimidating and offensive manner" There is no allegation that the plaintiff ever thought that he was in fear of immediate bodily harm. There is no allegation that Plaintiff was or believed he was restrained. There are no set of facts presented that would lead a reasonable person to believe Plaintiff was restrained. The Supreme Court has held that "all claims that law enforcement officers have used excessive force ... in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard...." *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). "As in other Fourth Amendment contexts, however, the 'reasonableness' inquiry in an excessive force claim is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent

or motivation." *Id*. at 397, 109 S.Ct. at 1872 (citations omitted). *Ikerd v. Blair*, 101 F.3d 430 (5th Cir. 1996)

The only thing averred by Plaintiff is that he was touched and then Plaintiff makes conclusory allegations as to the intent or motivation. The touching as alleged, without a claim that Plaintiff was objectively restrained is *de minimis* and should be dismissed.

Plaintiff also claims Pearson wrongfully requested Munn to have the Purple Pelican establishment turn its music down. The conclusory basis of the wrongful nature of the request is in the form of a decibel meter. Neither the state statute of disturbing the peace nor the City ordinance regarding unreasonable noise or vibration have any basis in decibel meters, therefore, the basis for Plaintiff's conclusory allegation that there was no violation is wholly without foundation and should be dismissed.

Plaintiff avers he didn't turn the music down, no further threat to issue a ticket was made, and no ticket was issued, clearly the plaintiff did not take the request at the time with the gravity he is trying to impress upon the court now.

## **CONCLUSION**

Defendants respectfully request this Court to dismiss this case for the reasons stated above or require Plaintiff to plead the time and date and allegations with more specificity so Defendants may properly assert all defenses available to them.

RESPECTFULLY SUBMITTED, this the 9th day of July, 2015.

                                                     CITY OF OCEAN SPRINGS,
                                                   MISSISSIPPI, LIONEL COTHERN,
                                                   MARK DUNSTON, JONATHAN GRIMES
                                                   and PHILLIP PEARSON, Defendants

                               BY:     */s/ Amy Lassitter St. Pé*
                                         Amy Lassitter St. Pé (MSB No. 100870)

Amy Lassitter St. Pé (MSB No. 100870)
John B. Edwards, II (MSB No. 9955)
James E. Lambert, III (MSB No. 104254)
Dogan, Wilkinson, Williams, Kinard,
 Smith & Edwards
734 Delmas Avenue (39567)
P.O. Box 1618
Pascagoula, MS 39568-1618
(228) 762-2272 (Phone)
(228) 762-3223 (Fax)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendants does hereby certify that the foregoing was filed using ECF and that a true and correct copy was served electronically upon counsel for the plaintiff.

This the 9th day of July, 2015.

*/s/ Amy Lassitter St. Pé*