**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**STEPHEN MUNN**                                                                **PLAINTIFF**

**v.**                                                      **CAUSE NO. 1:14CV428-LG-RHW**

**CITY OF OCEAN SPRINGS, MISSISSIPPI,**
**et al.**                                                                          **DEFENDANTS**

**ORDER GRANTING IN PART AND DENYING IN PART**
**MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the [85] Motion for Summary Judgment filed by
the Defendants.  Having considered the submissions of the parties, the objections of
the Defendants to the summary judgment evidence offered by the Plaintiff Stephen
Munn, and the relevant law, the Court is of the opinion that genuine issues of
material fact remain on the Plaintiff's claims for excessive force and failure to
intervene against Defendants Phillip Pearson and Jonathan Grimes.  However, the
Court is of the opinion that there are no genuine issues of material fact with respect
to all claim against the City.

Plaintiff has also requested leave to take Pearson's deposition and that the
Court reconsider striking his expert, John Edward Graham, Sr.  Those requests are
denied for the reasons discussed herein.  Discovery is closed and this action shall
proceed to trial as scheduled on the remaining claims.

BACKGROUND

According to his Second Amended Complaint, Plaintiff Munn owns The
Purple Pelican, a nightclub located in the City of Ocean Springs, Mississippi, one of
the Defendants in this action.  Munn instituted this action pursuant to 42 U.S.C. §

1983 on November 11, 2014.  The Court dismissed certain claims on the grounds of *res judicata* on March 27, 2015, and denied Munn's Motion for Reconsideration on April 27, 2015.  Munn filed his Second Amended Complaint on August 14, 2015, which Complaint included claims against the City; the City police chief and assistant police chief; and Defendants Pearson and Grimes in both their individual and official capacities as police officers for the City.  Munn's primary allegation stems from an incident that occurred at The Purple Pelican in late 2013.

Munn claims that "[o]n or about December 20, 2013, Defendant Pearson, accompanied by [Defendant] Grimes and another unknown officer, under color of law, came to the Pelican allegedly to investigate [an] anonymous noise complaint" under the City's noise ordinance.  (*See* Sec. Am. Compl. 6 (¶23), ECF No. 52).  According to Munn, "Pearson proceeded to demand Munn to turn down the music and repeatedly placed his hands on Munn in an intimidating and offensive manner . . . ."  (*Id.* (¶24)).  Munn refers to Pearson's conduct as "probing."  He also claims that "Grimes made a snide remark and told Munn, 'I think you know that I know a lot about the Constitution.'"  (*Id.* (¶26)).  Munn did not turn the music down and the officers "eventually left without writing a ticket . . . ."  (*Id.* at 7 (¶26)).

On August 28, 2015, the Court dismissed all claims against the City police chief and assistant police chief, all official capacity claims against Pearson and Grimes, and all individual capacity claims against Pearson and Grimes, except for Munn's claims based on allegations of excessive force and failure to intervene.  The remaining Defendants – the City, Pearson, and Grimes – have now moved for

summary judgment on the claims against them.  Munn has opposed the motion, and has also requested leave to take Pearson's deposition and that the Court reconsider striking his expert, Graham.  Defendants have replied, including objecting to certain summary judgment evidence Munn has submitted.  Before discussing the substantive elements of Munn's claim, then, the Court will address Munn's requests related to his expert and to Pearson's deposition, as well as Defendants' objections to Munn's summary judgment evidence.

## DISCUSSION

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-movant.  *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005).  If the movant carries its burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).

The non-movant's "burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and quotation marks omitted).  While the Court is obligated to resolve factual controversies in favor of the non-moving party, it must only do so when there is an actual controversy, "that is, when both parties have submitted evidence of

3

contradictory facts." *Id.* The Court will not, in the absence of proof, assume that the non-moving party could or would prove the necessary facts. *Id.*

Under Rule 56(c)(2), "[a] party may object that the material cited to support or dispute a fact [on summary judgment] cannot be presented in a form that would be admissible in evidence." However, "Rule 56 does not require that evidence presented at the summary judgment stage be in admissible form at that time, but instead provides that it must be capable of submission in a form that would be admissible in evidence." *See Weeks v. Huntington Ingalls Inc.*, No. 1:11cv157-HSO-JMR, 2012 WL 5383371, at *2 (S.D. Miss. Oct. 31, 2012).

**Plaintiff's Requests Related To His Expert And To Pearson's Deposition**

By separate [117] Order, the Court has already dispensed with Munn's request to reconsider striking Graham. To the extent Munn requests leave to take Pearson's deposition, the Magistrate Judge has entered [99, 116] Orders denying that request. The Court will treat Munn's request as a request for review of those Orders pursuant to Federal Rule of Civil Procedure 72.

The Court has reviewed the Orders and finds them neither clearly erroneous nor contrary to law. *See* Fed. R. Civ. P. 72. Munn had several months to notice and take Pearson's deposition. He did not try to do so until less than two weeks before the close of discovery. *See* Loc. Unif. Civ. R. 26 ("[c]ounsel must . . . notice . . . depositions sufficiently in advance of the discovery deadline date" so that all depositions are concluded by the deadline). Furthermore, he did not file a motion to compel the deposition until after the discovery deadline in contravention of Local Uniform Civil

4

Rule 7.2. Therefore, the Court affirms the Magistrate Judge's Orders related to Pearson's deposition. *See, e.g., Prideaux v. Tyson Foods, Inc.*, 387 F. App'x 474, 478-79 (5th Cir. 2010); *see also Barnett v. Tree House Café, Inc.*, No. 5:05-cv-195(DCB)(JMR), 2006 WL 3083757, at *2-3 (S.D. Miss. Oct. 27, 2006).

**Defendants' Objections To Plaintiff's Summary Judgment Evidence**[1]

*Plaintiff's Itemization of Facts and Security Video*

The Court rejects the argument that it "should accept Defendants' Itemization of Facts as Plaintiff did not oppose or object to them . . . ." (Def. Reply 10, ECF No. 118). Munn set out his own facts in opposition to the facts as stated by Defendants. That he did not formally "oppose" or "object" is of no consequence.

Defendants have also objected to specific paragraphs in Plaintiff's Itemization. The Court sustains the objections to Items 5 and 6; there is no genuine dispute as to why officers were dispatched and arrived at The Purple Pelican on December 20, 2013. The Court overrules the objections to Items 8 and 10. Whether Pearson could hear the conversation is a disputed issue of fact, and whether Munn was free to leave will be an issue for the jury, as discussed in further detail herein.

The Court sustains the objections to Items 9, 11, and 21 to the extent Munn characterizes Pearson's touching as "unlawful[,]" (*see generally* ECF No. 117), but otherwise overrules those objections. Item 20 has no bearing on the issues to be decided on summary judgment. The Court sustains the objection to Item 22, but notes

---

[1] To the extent the Court has not addressed specific objections in this section, they are addressed elsewhere in this Order.

that Munn made this same point in the legal argument portion of his Opposition, which is permissible.

The Court sustains Defendants' objections to Item 19 insofar as the jury will be allowed to interpret the video for itself.  There is no dispute that Pearson did in fact touch Munn; that Munn does not remember where or how many times he was touched goes to credibility not admissibility.  However, Defendants do not argue that the video is somehow inaccurate in what it portrays, and the video can be reduced to admissible form at trial.  As a result, the Court overrules Defendants' objections to admissibility of the video at the summary judgment stage.

*Deposition Testimony From Prior Case*

Munn has submitted deposition testimony from a prior case in support of his argument that there was no policy, procedure, or supervision regarding enforcement of the City's noise ordinance.  (Pl. Opp. 7, ECF No. 115).  Even considering that testimony, the Court still finds summary judgment appropriate in favor of the City, and, thus, any objections to the testimony are moot.  The same ruling applies to Defendants' objections to Items 1-2 and 15-16 in Plaintiff's Itemization and to Paragraphs 9, 27, and 32 of Munn's affidavit.

*Munn's Affidavit Testimony*

As an initial matter, the vast majority of the statements to which Defendants object are immaterial to the Court's summary judgment analysis, and the Court has no need to consider the objections thereto.  This includes Paragraphs 13-14, 20, 25-26, 28-29, 31, 43-48, 50, 52-53, 60, 96, and 104.  Moreover, to the extent Munn has made

statements attempting to qualify himself as an expert or offering an expert opinion, the Court has determined in a previous [117] Order that such statements will be disregarded. This includes, but is not limited to, Munn's personal opinion about police officer conduct in Paragraph 30 and any other statements in which Munn testifies about alleged unconstitutional conduct, as well as Paragraphs 33-35.

The Court overrules Defendants' objection to Paragraph 8. Munn may testify to the injuries he allegedly received. Defendants' objections to Paragraphs 54-59 on the grounds of "Hearsay and subject of Affiant's personal knowledge" are unclear and overruled for that reason. *See, e.g.*, *Halebian v. Berv*, 869 F. Supp. 2d 420, 444 n.24 (S.D.N.Y. 2012) (overruling blanket Rule 56(c) objections, as the Rule "does not oblige a district court to consider an objection that is entirely lacking in particularity"). Regardless, the information in those paragraphs does not appear to be in dispute between the parties, *i.e.*, there is no dispute that Pearson came to The Pelican, accompanied by other officers, to investigate a noise complaint.

The Court overrules the relevancy objections to Paragraphs 36-40. Munn can testify based on his personal knowledge to the standard response to orders to turn music down to provide context to the December 20 events. The Court overrules Defendants' hearsay objections to Paragraph 40 because it does not appear that there is any statement being offered for the truth of the matter asserted.

The Court also overrules Defendants' objections to Paragraphs 64 and 65. It is not speculation for Munn to testify about his own perception of Pearson's stance and demeanor, and whether Pearson could hear what Munn was saying is a disputed issue

7

for the jury, as discussed below.    Paragraph 67 is not argumentative.  Similarly, Paragraphs 100 and 109 are based on Munn's own perception of the tone of Pearson's voice.  Defendants do not explain how Munn's conversation with Pearson is irrelevant or argumentative, and, thus, the objections to Paragraphs 76 and 84 are overruled. *See, e.g.*, *Halebian*, 869 F. Supp. 2d at 444 n.24.  Likewise, Defendants do not explain how or why Paragraphs 90-94 are irrelevant, and, without more, the Court will not strike those paragraphs.

The Court overrules the hearsay objections to Paragraphs 68-71.  The Court has not accepted the statements for the truth of the matter asserted, but simply for the proposition that Munn and the security guards at The Pelican had a conversation with respect to the volume of the music.

Defendants object to Paragraphs 73-81 as being "[d]irectly in conflict with signed interrogatory responses[,]" namely, Munn's response to Grimes' Interrogatory Number 9.  The Court has reviewed that response and finds that the cited paragraphs are not in conflict.  In any event, while these statements may be relevant at trial, the Court has not relied on these paragraphs on finding that genuine issues of material fact still exist on the claims against the individual defendants.

The Court overrules the objections to Paragraphs 101 and 102 insofar as these paragraphs are part of Munn's version of what happened the night of December 20. However, the Court has disregarded Munn's speculation about why Pearson acted as Munn alleges he did, and will sustain the objections in that respect.

**The Substantive Claims**

Munn states that the three following claims remain:

(1) Whether Pearson used excessive force on Plaintiff during his investigation of a noise ordinance violation;

(2) Whether Grimes had the requisite knowledge and opportunity yet failed to intervene [when] Pearson used excessive force in his presence; and

(3) Whether the Plaintiff can submit the requisite proof to proceed on his failure to train and supervise claim [against the City].

(*See* Pl. Resp. 2, ECF No. 112).  The Court discusses each claim in turn below.[2]

*Excessive Force (Pearson) and Failure to Intervene (Grimes)*

The Court has already dismissed any § 1983 claim against Pearson and Grimes brought pursuant to the Fourteenth Amendment.  The only remaining claims against these individuals are Munn's allegations brought pursuant to the Fourth Amendment for excessive force and failure to intervene.  (*See* Pl. Resp., ECF No. 112).

To state a Fourth Amendment excessive force claim, Munn "must first show that []he was seized."  *See Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004).  "A Fourth Amendment seizure occurs when there is a governmental termination of freedom of movement through means intentionally applied."  *Scott v. Harris*, 550 U.S. 372, 381 (2007) (citation, quotation marks, brackets, and ellipses omitted).  A person

---

[2] Munn contended that the City "treats noise complaints differently for events such as the Peter Anderson Festival . . . , which violates citizen's rights to Equal Protection." (Sec. Am. Compl. 11 (¶42), ECF No. 52).  Munn no longer appears to be pursuing this claim, as neither party mentioned it in briefing.  *See Abarca*, 404 F.3d at 940 (a plaintiff may not rest upon mere allegations in his Complaint but must set forth specific facts showing the existence of a genuine issue for trial).

is "'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980).

"Examples of such circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Id.*; *see also Ikerd v. Blair*, 101 F.3d 430, 433, 435 (5th Cir. 1996) (an arrest or detention is not necessary to constitute a seizure). "In the absence of some such evidence, otherwise inoffensive contact between a member of the public and the police cannot, as a matter of law, amount to a seizure . . . ." *Mendenhall*, 446 U.S. at 554.

Munn must also show " that he suffered: (1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Brown v. Lynch*, 524 F. App'x 69, 79 (5th Cir. 2013). While "a *de minimus* injury is not cognizable, the extent of injury necessary to satisfy the injury requirement is directly related to the amount of force that is constitutionally permissible under the circumstances." *Id.* (citation and quotation marks omitted). "Any force found to be objectively unreasonable necessarily exceeds the *de minimus* threshold, and, conversely, objectively reasonable force will result in *de minimus* injuries only." *Id.* (stating that "even relatively insignificant injuries and purely psychological injuries" may be cognizable) (citation and quotation marks omitted).

Defendants argue that there was no seizure, relying on a previous [55] Order of the Court dismissing any search and seizure claim on the basis that Munn was not arrested and "has not even alleged that he felt restrained by Pearson's actions or that he was somehow not free to leave." (*Id.* at 10).  The Court found "that Munn has not met his burden of establishing a violation of the Fourth Amendment by Pearson related to searches and seizures that was clearly established at the time," (*id.*), and dismissed this claim on qualified immunity grounds at the motion to dismiss stage. The Court did not find that no seizure occurred, only that Munn had not met his burden to overcome Pearson's qualified immunity on the search and seizure claim. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (discussing a plaintiff's burden when a defendant invokes qualified immunity).  The Court denied dismissal on the excessive force claim.

Elaborating on his Complaint allegations, Munn has now attested that Pearson touched him on more than one occasion (although he does not know an exact number), and at one point "began alternating his position and was often only a few inches from my face." (*See* Pl. Aff. 9, ECF No. 115-3); *Ikerd*, 101 F.3d at 433, 435.  Pearson denies these allegations, and states that he touched Munn only to lean in so he could hear better.  However, the Court views the evidence in the light most favorable to Munn, and Pearson's testimony highlights that there are issues of fact with respect to the excessive force claim.  While a jury might ultimately conclude that no seizure took place, the Court finds that it will be for the jury to decide whether a reasonable person

under these circumstances would have believed he was not free to leave.[3]   *See*
*Mendenhall*, 446 U.S. at 554.

Defendants contend that in any event Pearson's conduct was reasonable because
Pearson "had to lean in toward Plaintiff in order to listen" and had to place "his hand
on Plaintiff's shoulder to maintain his balance."  (Def. Mem. 8, ECF No. 86).  The
problem with this analysis is that it again highlights an issue of fact; Pearson's version
of the story and Munn's version of the story differ drastically, and the credibility of
these witnesses will be for the jury.  For purposes of summary judgment, the Court
must accept Munn's version – including his denial that he was touched only because
Pearson could not hear – as true.

The Fifth Circuit has recognized that "[t]here are few, if any, bright lines for
judging a police officer's use of force; when determining whether an officer's conduct
violated the Fourth Amendment, we must . . . slosh our way through the factbound
morass of 'reasonableness.'" *Lytle v. Bexar Cty.*, 560 F.3d 404, 411 (5th Cir. 2009)
(citation and quotation marks omitted).  Indeed, "the reasonableness of an officer's
conduct under the Fourth Amendment is often a question that requires the input of a
jury[,] not only because the jury must resolve disputed fact issues but also because the
use of juries in such cases strengthens our understanding of Fourth Amendment

---

[3] The Court's ruling on this matter does not resurrect Munn's search and
seizure claim.  *See, e.g.*, *S. S. ex rel. Montgomery v. Bolton*, 522 F. App'x 452, 455 n.4
(11th Cir. 2013) ("The search and seizure and excessive force claims are separate,
and [Defendant] is entitled to qualified immunity on the search and seizure claim
exclusive of the excessive force claim.").

reasonableness." *Id.* Although a close call, accepting Munn's allegations, the Court cannot say that Pearson's conduct was reasonable as a matter of law. *See, e.g.*, *id.* The Court also finds that Munn's allegations of anxiety as a result of the encounter with Pearson, coupled with the issues of fact that remain on the objective reasonableness of Pearson's actions, are enough to overcome summary judgment under Fifth Circuit precedent. *See Brown*, 524 F. App'x at 79; *see also, e.g.*, *Baeza v. Becker*, No. SA-14-cv-659-XR, 2015 WL 6127190, at *7-8 (W.D. Tex. Oct. 15, 2015).

Pearson argues that "qualified immunity should still attach as [leaning in to listen] is not some type of conduct that is calculated to harm." (Def. Mem. 8-9, ECF No. 86). Defendants are once again asking the Court to accept their version of the facts as true. While Munn "bears the burden of negating qualified immunity[,] all inferences are drawn in his favor." *See Brauner v. Coody*, 793 F.3d 493, 497 (5th Cir. 2015) (citation, quotation marks, and brackets omitted). For the same reasons already outlined herein, the Court finds that there are issues of fact whether Pearson is entitled to qualified immunity, including "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *overruled on other grounds in part by Pearson v. Callahan*, 555 U.S. 223 (2009).

Finally, Defendants' only argument with respect to the failure to intervene claim against Grimes is based on their argument that the excessive force claim against Pearson necessarily fails. As a result, the Court declines to enter summary judgment in Grimes' favor.

*Failure to Train/Supervise (the City)*

The City cannot be liable under § 1983 pursuant to a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). "A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'" *Peterson v. City of Forth Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citation omitted); *see also Monell*, 436 U.S. at 691.

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.* at 389. Applying this law, the Fifth Circuit has "held that if the training of police officers meets state standards, there can be no cause of action for failure to train absent a showing that this legal minimum of training was inadequate to enable the officers to deal with the usual and recurring situations faced by" the officers. *See O'Neal v. City of San Antonio*, 344 F. App'x 885, 888 (5th Cir. 2009) (citation, quotation marks, and brackets omitted).

There is no genuine dispute that the officers in this case were trained according to state standards. Munn states that the training "did not cover" enforcement of the

14

City's noise ordinance.  (*See* Pl. Resp. 2-3, ECF No. 112).  He contends that his evidence to support his claim against the City is that depositions from a prior case show that there was no specific training on the noise ordinance, and that "[t]here is no evidence the policies regarding the enforcement of the noise ordinance or investigating such complaints have changed since" those depositions.  (*See id.* at 4).

Munn's argument misses the point.  The only alleged underlying constitutional violations are Pearson's use of excessive force and Grimes' failure to intervene in connection therewith.  In other words, the issue before the Court is not the noise ordinance itself, but Pearson's and Grimes' actions when they arrived in response to a noise complaint *whether or not* they ordered that the music be turned down or if a citation was issued or an arrest was made.[4]  Munn has not shown that the training received by either officer on the use of force was inadequate, even accepting that there was no particular training on the noise ordinance.  *See, e.g.*, *Skinner v. Hinds Cty.*, No. 3:10cv358-DPJ-FKB, 2014 WL 317872, at *10 (S.D. Miss. Jan. 29, 2014); *Bryant ex rel. Bryant v. City of Ripley*, No. 3:12cv37-B-A, 2015 WL 686032, at *7 (N.D. Miss. Feb. 18, 2015); *see also Little*, 37 F.3d at 1075.

Regardless, Munn "admits he has no evidence regarding any prior allegations of 'probing' by Officer Pearson" or any other City police officer.  (Pl. Resp. 4, ECF No.

---

[4] Although Munn mentioned the First Amendment in various filings with the Court, he never stated a First Amendment claim, presumably because he never complied with any request to turn music down, and there was no citation issued or arrest made.  To the extent Munn's complaint against the City is about the noise ordinance itself, that issue has already been decided by this Court and affirmed by the Fifth Circuit.  *See Munn v. City of Ocean Springs*, 763 F.3d 437 (2014).

112).  He argues that he does not have "to show a pattern . . . to prove a constitutional violation of excessive force."  (*Id.* at 5).  While this is true with respect to Munn's claim against Pearson, it is generally not true with respect to Munn's attempt to hold the City liable for Pearson's alleged actions.  *See Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train.") (citation omitted); *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009).

Under certain circumstances, "a single violation of federal rights *may* be sufficient to prove deliberate indifference."  *See Gabriel v. City of Plano*, 202 F.3d 741, 745 (5th Cir. 2000) (emphasis added).  This single-incident "exception requires proof of the possibility of recurring situations that present an obvious potential for violation of constitutional rights and the need for additional or different police training."  *See id.* However, the Fifth Circuit has "consistently rejected application of the . . . exception and ha[s] noted that 'proof of a single violent incident ordinarily is insufficient to hold a municipality liable for inadequate training.'"  *See id.* (citation omitted).  Indeed, the Fifth Circuit, "in conformity with the Supreme Court's jurisprudence, has been highly reluctant to permit this exception to swallow the rule that forbids mere respondeat superior liability."  *See Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005); *see also Graham v. Hodge*, 69 F. Supp. 3d 618, 613 (S.D. Miss. 2014).

Munn has not raised or discussed the single-incident exception in any real detail.  There is no evidence that persuades the Court that the exception should apply here to defeat summary judgment.  *See, e.g.*, *Kitchen v. Dallas Cty.*, 759 F.3d 468, 485-

16

86 (5th Cir. 2014); *see also Roberts*, 397 F.3d at 295.  Accordingly, the City is entitled to summary judgment.  *See, e.g.*, *Kitchen*, 759 F.3d at 485-86; *see also Little*, 37 F.3d at 1075.

Munn also argues that "[t]he Defendants while conducting investigations of noise ordinance violations continue to order music be turned down where there is no evidence of a violation[,]" and then states, in conclusory fashion, that "[t]his shows a continuing course of intimidating conduct which had obviously escalated into the unlawful touching of Munn when he objected to the assertions of Pearson and Grimes." (Pl. Resp. 5, ECF No. 112).  Again, this argument misses the point.  Even so, the "proffered evidence of pattern requires an excessively high level of generality, as it consists of a handful of tangentially related incidents, some of which do not even involve" Pearson and/or Grimes.  *See Roberts*, 397 F.3d at 294; *see also Peterson*, 588 F.3d at 851-52.

## CONCLUSION

The Court is of the opinion that there are genuine issues of material fact with respect to Plaintiff's claims of excessive force and failure to intervene, but not with respect to any claim against the City.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [85] Motion for Summary Judgment filed by the Defendants is **GRANTED IN PART AND DENIED IN PART**.  The City of Ocean Springs is terminated as a Defendant.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's requests related to his expert and to Pearson's deposition are **DENIED**, and that

Defendants' objections to Plaintiff's summary judgment evidence are **SUSTAINED**

**IN PART AND OVERRULED IN PART**.

  **SO ORDERED AND ADJUDGED** this the 12th day of May, 2016.

        s/ *Louis Guirola, Jr.*
        LOUIS GUIROLA, JR.
        CHIEF U.S. DISTRICT JUDGE