IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**STEPHEN MUNN** **PLAINTIFF**

**v.** **CAUSE NO. 1:14CV428-LG-RHW**

**CITY OF OCEAN SPRINGS, MISSISSIPPI,
et al.** **DEFENDANTS**

## ORDER DENYING MOTION FOR RECONSIDERATION UNDER RULE 59(e) AND FOR CERTIFICATION UNDER RULE 54(b)

BEFORE THE COURT is the [120] Motion for Reconsideration filed by Plaintiff Stephen Munn pursuant to Federal Rule of Civil Procedure 59(e) with respect to the Court's [119] Order Granting in Part and Denying in Part Motion for Summary Judgment entered on May 12, 2016.  In that Order, the Court entered summary judgment in favor of Defendant the City of Ocean Springs, Mississippi, but denied summary judgment in favor of Defendants Phillip Pearson and Jonathan Grimes on Munn's claims brought pursuant to 42 U.S.C. § 1983.[1]

Munn now asks the Court to reconsider dismissal of the City.  In the alternative, Munn requests that the Court certify this Order and its previous Orders dismissing claims and/or parties as final, appealable Orders pursuant to Rule 54(b), and to delay the trial in this action as a result.  Having considered the submissions of the parties and the relevant law, the Court is of the opinion that the Motion should be denied, and that trial should proceed as scheduled.

---

[1] The facts underlying this action are set forth in the Court's [119] Order and are incorporated by reference herein.

**DISCUSSION**

A Rule 59 motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation and quotation marks omitted). The Fifth Circuit has repeatedly "held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *See id.* at 478-79. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479. Munn must establish (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice.[2] *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Munn moves for relief with respect to the third prong only.

Furthermore, Rule 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Whether to certify an order as final under Rule 54(b) is discretionary with the district court and is reviewed for abuse of discretion only. *See PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). "One of the primary policies behind requiring justification for a Rule 54(b) certification is to avoid piecemeal appeals." *Id.*

---

[2] "[A]ny order . . . that adjudicates fewer than all claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims . . . ." Fed. R. Civ. P. 54(b). Rule 59(e), which Munn claims governs this Motion, generally applies to reconsideration of a final judgment. Regardless of the standard used, the Court finds reconsideration to be unfounded.

Accordingly, "a district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *See id.*

**Munn's Request for Reconsideration**

Initially, Munn takes issue with the Court's *res judicata* ruling entered over a year ago, on March 27, 2015. The Court already rejected Munn's request for reconsideration of that ruling on April 27, 2015. (*See* Order, ECF No. 34). To the extent Munn's argument is that the Court should have considered depositions from a previous action in ruling on summary judgment, the Court did, in fact, consider those depositions and still concluded that the City should be dismissed. (*See, e.g.*, Order 6, 15-17, ECF No. 119).

The Court has thoroughly reviewed Munn's Motion and supporting arguments and finds that there is no need to correct a clear error of law or prevent manifest injustice. Munn agrees with the Court's summary judgment statement that the issue before the Court is not the noise ordinance itself. (*See* Pl. Mem. 9, ECF No. 121 ). However, he nonetheless argues that the Court should have denied summary judgment because the City should have had more training on the noise ordinance. He contends that the prior action related to the noise ordinance was sufficient notice to the City that training on the ordinance was necessary.

Munn's arguments are simply re-hashing of arguments or arguments that could have been made before summary judgment. *See Templet*, 367 F.3d at 478-79. In any event, the Court's task was to examine the actions of Defendants Pearson and Grimes

3

when they arrived at The Purple Pelican *regardless* of whether they ordered that music be turned down or if a citation was issued or an arrest made pursuant to the noise ordinance.  Munn's claim arose when he was allegedly mistreated after the officers arrived, and would have arisen whether the officers were responding to a noise complaint or to a complaint unrelated to any potential noise ordinance violation.  In other words, the constitutional violations before the Court on summary judgment were Pearson's alleged use of excessive force and Grimes' failure to intervene in connection therewith and whether or not the City could be held liable for failure to train in connection with the same.  (*See also* Pl. Mem. 5, ECF No. 121) (Munn acknowledges that "[t]he case at bar . . . involves a claim of 'excessive force' by an officer . . . ."). Thus, the Court's inquiry on training focused specifically on use of force, and not more generally on the noise ordinance.[3]

As already determined by the Court, even accepting that there was no training on the noise ordinance (Munn's reason for submitting the prior depositions which the Court took into account), Munn has never shown or otherwise created a genuine issue of material fact that the training received by either officer on the use of force was inadequate. *See, e.g.*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (discussing non-movant's summary judgment burden).  And, again, Munn cannot overcome his admission that he has no evidence regarding any prior allegations of

---

[3] Munn has no constitutional claim *vis-a-vis* the noise ordinance because there is no dispute that he never complied with any request to turn music down, and there was no citation issued or arrest made.

probing by Pearson or any other City police officer. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011).

Finally, Munn also discusses "rebuttal" evidence of a pattern of conduct related to enforcement of the noise ordinance that he intends to introduce at trial to show that the City is liable. Once the City met its summary judgment burden of showing that there was no genuine dispute as to any material fact, however, Munn was required to submit actual evidence of contradictory facts. *See, e.g.*, *Little*, 37 F.3d at 1075. He did not do so, but offered only conclusory allegations. *See, e.g.*, *id.* at 1075-76. But even accepting Munn's conclusory arguments related to such evidence, the Court again concludes that the "proffered evidence of pattern requires an excessively high level of generality, as it consists of a handful of tangentially related incidents, some of which do not even involve" the officers in this action. *See Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005).

**Munn's Request for Certification**

Munn argues that after trial, he will appeal the Court's prior decisions regardless. (*See* Pl. Mem. 15, ECF No. 121). This is not a valid reason for the Court to certify its previous Orders as final and appealable, and Munn offers no authority to the contrary.

Additionally, the Court is of the opinion that there is no danger of hardship or injustice warranting immediate appeal or a stay of the trial in this action. *See, e.g.*, *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984) (Rule 54(b) certification is "not to be granted routinely. The procedure should be sparingly and deliberately used for it

brings parts of a case before the court seriatim."). The trial itself may negate the need for an appeal; if the jury finds in favor of Grimes and Pearson, there would be no claim against the City regardless of whether it was prematurely dismissed. *See Hale v. Bexar Cty.*, 342 F. App'x 921, 925 (5th Cir. 2009) ("A municipality cannot be held liable under § 1983 if there is no underlying constitutional violation.").

## CONCLUSION

The Court is of the opinion that there is no basis for reconsidering its previous Orders or for certifying any such Orders as final.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [120] Motion for Reconsideration filed by Plaintiff Stephen Munn is **DENIED**. This action remains set for trial in November 2016 on the claims against Defendants Pearson and Grimes.

**SO ORDERED AND ADJUDGED** this the 15th day of June, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE